IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMARA McCLEMORE,

    Plaintiff,

vs.            Case No. 16-1070-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

    Defendant.

MEMORANDUM AND ORDER

  This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I.  General legal standards**

  The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.

1

(10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in

substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform

their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On December 15, 2014, administrative law judge (ALJ) Ross Stubblefield issued his decision (R. at 12-23).  Plaintiff alleges that she has been disabled since August 26, 2011 (R. at

12).  Plaintiff is insured for disability insurance benefits through December 31, 2014 (R. at 14).  At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date (R. at 14).  At step two, the ALJ found that plaintiff had severe impairments (R. at 15).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 15).  After determining plaintiff's RFC (R. at 17), the ALJ found at step four that plaintiff is unable to perform any past relevant work (R. at 22).  At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 22-23).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 23).

**III.  Are the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p,

5

1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file. Wells v. Colvin, 727 F.3d 1061, 1071 (10th Cir. 2013).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence.  Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess

whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. <u>Brown v. Commissioner of the Social Security Administration</u>, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ, in his RFC findings, limited plaintiff to sedentary work as defined by the Social Security Administration. Plaintiff can use either hand to frequently handle and finger. She can occasionally climb ramps and stairs, occasionally balance, stoop, crouch and crawl but can never climb ladders and scaffolds.  Plaintiff can never perform work at unprotected heights, never perform work involving moving mechanical parts, cannot have concentrated exposure to dust, odors, fumes and pulmonary irritants, and can never work in work areas with extreme heat, cold or vibration.  Plaintiff is able to understand, remember and carry out simple instructions and is limited to perform simple, routine tasks (R. at 17, 105).

Plaintiff argues that the ALJ erred by failing to provide a proper RFC in that the ALJ erroneously weighed the treating physician opinion (Dr. Kaplan) and did not properly analyze plaintiff's credibility (Doc. 9 at 10).  The court will first address the weight accorded to the opinions of Dr. Kaplan.

Dr. Kaplan, plaintiff's treating physician, opined on August 5, 2014 that plaintiff could frequently lift less than 10 pounds and could occasionally lift 10 pounds.  Plaintiff could

7

occasionally stoop, crouch and crawl, but could only rarely balance and climb.  Plaintiff could sit for 4 hours in an 8 hour workday, and could stand for less than 2 hours in an 8 hour workday.  Plaintiff would need to shift positions at will from sitting, standing or walking.  Plaintiff would need to take up to 5 unscheduled breaks during a work day, each of 15 minute duration.  Plaintiff would miss more than 4 days per month due to her condition (R. at 559-561).  The ALJ gave little weight to these limitations because, according to the ALJ, they were not consistent with the plaintiff's overall record of treatment as a whole (R. at 19).  The ALJ then summarized plaintiff's medical treatment records (R. at 20).

The ALJ also considered the opinions of Dr. Coleman, who reviewed the medical records and performed a state agency physical assessment on August 22, 2013.  He limited plaintiff to lifting and/or carrying 10 pounds, stand and/or walk for 2 hours and sit for 6 hours in an 8 hour workday.  He indicated that plaintiff had some postural and environmental limitations.  Dr. Coleman noted that records from hospitalization in August 2012 questioned plaintiff's credibility regarding her symptoms.  Dr. Coleman stated that due to a lack of consistent objective findings upon exams, plaintiff's allegations are only considered partially credible, as they appear to be exaggerated (R. at 132-133).  The ALJ gave partial weight to this opinion, noting that

newer medical evidence indicated that plaintiff is more limited (R. at 21).

The opinions of physicians, psychologists, or psychiatrists who have seen a claimant over a period of time for purposes of treatment are given more weight than the views of consulting physicians or those who only review the medical records and never examine the claimant.  The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).  When a treating source opinion is inconsistent with the other medical evidence, the ALJ's task is to examine the other medical source's reports to see if they outweigh the treating source's reports, not the other way around.  Treating source opinions are given particular weight because of their unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations.  If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it.  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  The ALJ must provide a legally sufficient explanation for rejecting the

opinion of treating medical sources in favor of non-examining or consulting medical sources. Robinson, 366 F.3d at 1084.

A treating physician's opinion about the nature and severity of the claimant's impairments should be given controlling weight by the Commissioner if well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). When a treating physician opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned the treating physician opinion. Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004). A treating source opinion not entitled to controlling weight is still entitled to deference and must be weighed using all of the following factors:

(1) the length of the treatment relationship and the frequency of examination;
(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;
(3) the degree to which the physician's opinion is supported by relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins v. Barnhart, 350 F.3d 1297, 1300-1301 (10th Cir. 2003).

10

After considering the above factors, the ALJ must give good reasons in his/her decision for the weight he/she ultimately assigns the opinion. If the ALJ rejects the opinion completely, he/she must then give specific, legitimate reasons for doing so. Watkins, 350 F.3d at 1301.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The court finds no clear error by the ALJ in his analysis of the medical opinion evidence. The ALJ followed his statement that he gave little weight to the limitations set forth by Dr.

11

Kaplan because they are "not consistent with the claimant's overall record of treatment as a whole" (R. at 19) with a detailed discussion of the medical record, noting at the end that in the spring of 2013, plaintiff's COPD improved with treatment and that in July 2013 the plaintiff had improved asthma symptoms (R. at 20).  The ALJ had also previously discussed plaintiff's medical treatment (R. at 18-19), noting that Dr. Kaplan had indicated in January 2013 that plaintiff had improved and was back to normal (R. at 18), the report of Dr. Martinez that, despite her allegations of osteoarthritis, she did not have a sickly appearance and was not intubated or in distress, she had normal musculoskeletal range of motion and no edema (R. at 19), and the medical record in February 2014 that she had coughing, but no wheezing, a normal heart rate, regular rhythm, normal sounds, no gallop or friction, and that her asthma was stable (R. at 19).

In his report of August 2013, Dr. Coleman stated that plaintiff reported some relief of allergy symptoms with current medications.  He noted that she did not have complications from or symptoms of anemia since her hysterectomy.  He stated that the records did not note difficulties due to hypertension.  He stated that records from hospitalization in August 2012 questioned plaintiff's credibility regarding her report of symptoms, as there had been no consistent evidence of COPD or

asthma flare, she had never had documented wheezing on exam and had 02 sats of 98%. He noted that although plaintiff alleged significant breathing limitations in her activities of daily living (ADL), Dr. Coleman concluded that due to a lack of consistent objective findings upon exam, plaintiff's allegations are only considered partially credible, as they appear to be exaggerated (R. at 133). As noted above, the ALJ gave partial weight to this opinion, but found that newer medical evidence indicated that plaintiff was more limited than Dr. Coleman had opined.

The court will not reweigh the evidence. The ALJ could reasonably rely on the opinions of Dr. Coleman, as set forth above, and on his summary of the medical records (R. at 18-20) to conclude that the opinions of Dr. Kaplan are not consistent with the treatment records. Furthermore, the ALJ did not need to explicitly discuss all of the § 404.1527 factors for each of the medical opinions. Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007). It is sufficient if the ALJ provided good reasons in her decision for the weight she gave to the treating source opinions. Nothing more is required. Id.

Plaintiff also alleges error in the ALJ's credibility analysis. Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However,

findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff. Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is

linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

In addition to the ALJ's analysis of the medical records, as noted above, the ALJ also noted that plaintiff is the mother of two children and that she works part-time (12 hours a week) (R. at 20, 14). The ALJ stated that although those tasks are not mutually exclusive with a finding of disability, they undermine plaintiff's allegations that her impairments are not as significantly limiting as she alleges. The ALJ also found that although the plaintiff alleges significant breathing limitations, the ALJ stated that the objective records do not support this (R. at 20-21). Dr. Coleman stated in his report that although plaintiff alleged significant breathing limitations in her activities of daily living, Dr. Coleman opined that due to a lack of consistent objective findings upon exams, plaintiff's allegations are only considered partially credible, as they appear to be exaggerated (R. at 133).

The court will not reweigh the evidence. Furthermore, the court finds no clear error in the ALJ's credibility analysis. The court finds that the balance of the ALJ's summary and evaluation of the evidence and her credibility findings are supported by substantial evidence in the record. Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004)("While we have

some concerns regarding the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain minimal household chores, we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record").

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 24th day of March 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge